**FILED**
CLERK, U.S. DISTRICT COURT

06/14/2023

CENTRAL DISTRICT OF CALIFORNIA
BY: ___AP___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

March 2023 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>JASDEEP SINGH BHANGAL,<br><br>　　　　　Defendant. | ED CR No. 5:23-cr-00119-MCS<br><br>I N D I C T M E N T<br><br>[21 U.S.C. §§ 841(a)(1), (b)(1)(C): Distribution of Cocaine and Possession with Intent to Distribute Cocaine; 18 U.S.C. § 922(a)(1)(A): Engaging in the Business of Dealing in Firearms Without a License; 18 U.S.C. § 922(g)(1): Felon in Possession of Ammunition; 21 U.S.C. § 853, 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c): Criminal Forfeiture] |

　　The Grand Jury charges:

### COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

　　On or about April 18, 2022, in San Bernardino County, within the Central District of California, defendant JASDEEP SINGH BHANGAL knowingly and intentionally distributed cocaine, a Schedule II narcotic drug controlled substance.

COUNT TWO

[18 U.S.C. § 922(a)(1)(A)]

Beginning on or about April 13, 2022, and continuing through on or about May 18, 2022, in San Bernardino and Riverside Counties, within the Central District of California, and elsewhere, defendant JASDEEP SINGH BHANGAL, not being licensed as an importer, manufacturer, or dealer of firearms, willfully engaged in the business of dealing in firearms, specifically, the sales of the following firearms of unknown manufacturer and bearing no legitimate manufacturer's mark or serial number (commonly referred to as "ghost guns"), on or about the following dates:

| Date | Firearms |
|---|---|
| April 18, 2022 | a 9mm caliber handgun, constructed out of a gray Polymer 80 frame with a black slide, bearing no legitimate manufacturer's mark or serial number |
| April 27, 2022 | a 9mm caliber handgun, constructed out of a black Polymer 80 frame with a tan slide, bearing no legitimate manufacturer's mark or serial number |
| May 5, 2022 | (1) a 9mm caliber handgun, constructed out of a black SS80 frame with a black Glock slide and barrel, bearing no legitimate manufacturer's mark or serial number<br>(2) a 9mm caliber handgun, constructed out of a black Polymer 80 frame with a black slide and red dot light attached, bearing no legitimate manufacturer's mark or serial number |

| Date | Firearms |
|---|---|
| May 18, 2022 | (1) a 9mm caliber handgun, constructed out of a black Polymer 80 frame with a black Glock slide and barrel, bearing no legitimate manufacturer's mark or serial number<br>(2) a 9mm caliber handgun, constructed out of a black Polymer 80 frame with a black Glock slide and barrel, bearing no legitimate manufacturer's mark or serial number<br>(3) a 9mm caliber handgun, constructed out of a black Polymer 80 frame with a black Glock slide and barrel, bearing no legitimate manufacturer's mark or serial number<br>(4) a 9mm caliber handgun, constructed out of a black Polymer 80 frame with a dark silver slide, bearing no legitimate manufacturer's mark or serial number<br>(5) a 9mm caliber handgun, constructed out of a black Polymer 80 frame with a black Glock slide and barrel, bearing no legitimate manufacturer's mark or serial number<br>(6) a 9mm caliber handgun, constructed out of a black Polymer 80 frame with a black slide, bearing no legitimate manufacturer's mark or serial number<br>(7) a 9mm caliber handgun, constructed out of a black Polymer 80 frame with a dark silver slide, bearing no legitimate manufacturer's mark or serial number<br>(8) a 9mm caliber handgun, constructed out of a black Polymer 80 frame with a black Glock slide and barrel, bearing no legitimate manufacturer's mark or serial number |

COUNT THREE

[18 U.S.C. § 922(g)(1)]

On or about April 18, 2022, in San Bernardino County, within the Central District of California, defendant JASDEEP SINGH BHANGAL knowingly possessed ammunition, namely, 51 rounds of Federal Cartridge 9mm ammunition and 4 rounds of Blazer 9mm ammunition, in and affecting interstate and foreign commerce.

Defendant BHANGAL possessed such ammunition knowing that he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, namely, Discharge of Firearm with Gross Negligence, in violation of California Penal Code Section 246.3(a), in the Superior Court of the State of California, County of San Bernardino, case number FWV19001361, on or about January 30, 2020.

COUNT FOUR

[18 U.S.C. § 922(g)(1)]

On or about April 27, 2022, in Riverside County, within the Central District of California, defendant JASDEEP SINGH BHANGAL knowingly possessed ammunition, namely, 20 rounds of Federal Cartridge 9mm ammunition and 18 rounds of Blazer 9mm ammunition, in and affecting interstate and foreign commerce.

Defendant BHANGAL possessed such ammunition knowing that he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, namely, Discharge of Firearm with Gross Negligence, in violation of California Penal Code Section 246.3(a), in the Superior Court of the State of California, County of San Bernardino, case number FWV19001361, on or about January 30, 2020.

COUNT FIVE

[18 U.S.C. § 922(g)(1)]

On or about May 5, 2022, in San Bernardino County, within the Central District of California, defendant JASDEEP SINGH BHANGAL knowingly possessed ammunition, namely, 17 rounds of Federal Cartridge 9mm ammunition and 5 rounds of Blazer 9mm ammunition, in and affecting interstate and foreign commerce.

Defendant BHANGAL possessed such ammunition knowing that he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, namely, Discharge of Firearm with Gross Negligence, in violation of California Penal Code Section 246.3(a), in the Superior Court of the State of California, County of San Bernardino, case number FWV19001361, on or about January 30, 2020.

COUNT SIX

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about July 1, 2022, in Riverside County, within the Central District of California, defendant JASDEEP SINGH BHANGAL knowingly and intentionally possessed with intent to distribute cocaine, a Schedule II narcotic drug controlled substance.

## COUNT SEVEN

[18 U.S.C. § 922(g)(1)]

On or about July 1, 2022, in Riverside County, within the Central District of California, defendant JASDEEP SINGH BHANGAL knowingly possessed ammunition, namely, 124 rounds of Sellier & Bellot .45 caliber ammunition, in and affecting interstate and foreign commerce.

Defendant BHANGAL possessed such ammunition knowing that he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, namely, Discharge of Firearm with Gross Negligence, in violation of California Penal Code Section 246.3(a), in the Superior Court of the State of California, County of San Bernardino, case number FWV19001361, on or about January 30, 2020.

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of defendant's conviction of the offenses set forth in any of Counts One or Six of this Indictment.

2. Defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which said defendant obtained, directly or indirectly, from any such offense;

(b) All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense;

(c) All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(d) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3. Pursuant to Title 21, United States Code, Section 853(p), defendant, if so convicted, shall forfeit substitute property if, by any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold

9

to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of defendant's conviction of the offenses set forth in any of Counts Two through Five or Seven of this Indictment.

2. Defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the convicted defendant shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

//

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/

Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

SEAN D. PETERSON
Assistant United States Attorney
Chief, Riverside Branch Office

PETER DAHLQUIST
Assistant United States Attorney
Riverside Branch Office